IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Raymond Chabot Inc., as Receiver for 9048-4270 Québec Inc., | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Serge Côté Family Trust and Public Storage, | ) ) ) |
| Defendants. | ) |

C.A. No.: 6:14-cv-03392-MGL

TEMPORARY RESTRAINING ORDER

This matter is before the Court on the motion of Plaintiff Raymond Chabot Inc., as a Canadian court-appointed Receiver for 9048-4270 Québec Inc. (the "Receiver"), for a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure. Based on the findings of fact and conclusions of law set forth below, the Court hereby GRANTS the temporary restraining order.

## FINDINGS OF FACT

1.    This action involves a Canadian business named 9048-4270 Québec Inc. (the "Debtor"), which was a dealer of RVs in St. Nicolas, Québec. The National Bank of Canada holds primary security interests over certain of the Debtor's assets and property (the "Assets"). In connection with insolvency proceedings, on February 20, 2014, the Québec Superior Court in Canada appointed Raymond Chabot Inc. as Receiver with respect to those Assets. On February 28, 2014, the Debtor also made an assignment in bankruptcy, and the Receiver was also appointed as trustee in bankruptcy of the Debtor.

2. The Canadian court empowered Receiver to take possession of those Assets and to control the Debtor's property, place of business, and premises, and to initiate, prosecute, and continue appropriate proceedings regarding Debtor's Assets and property.

3. One of the Assets is a 2014 Winnebago Itasca Ellipse RV, Model No. IRR42Q1D, Serial No. 8862 4UZFCUCYXECFU (the "RV"). Pursuant to the orders of the Canadian court, Receiver is lawfully entitled to possession of the RV.

4. According to the Receiver's submissions, the RV was in the possession of an entity named the Serge Côté Family Trust in Margate, Florida. Despite the Receiver's efforts to recover the RV, it was moved without the Receiver's permission and without any information as to its whereabouts.

5. Shortly after learning of this development, the Receiver returned to the Canadian court and received an order for the examination/deposition of Mr. Serge Côté, the trustee and representative of Serge Côté Family Trust. In his deposition on July 15, 2014, Mr. Côté admitted that he provided the RV to DZL RV Center in Broward County, Florida. Upon subsequent investigation, the Receiver learned that the RV was no longer located at DZL RV Center.

6. Subsequent investigations led the Receiver to believe that the RV had been moved to a storage facility in Greenville, South Carolina. An investigative firm hired by the Receiver was in contact with someone named "Mr. Chin", who was apparently preparing to sell the RV, and was about to arrange an appointment with the firm to see it.

7. Upon learning this information, the Receiver prepared a Motion for Directions and a Motion for Assistance of a Foreign Court to present to the Canadian court to assist in the recovery of the RV. After the motions were served on Serge Côté Family Trust, the investigative firm could no longer contact Mr. Chin and could consequently not locate the RV.

8.	On August 6, 2014, acting on the Receiver's motions, the Canadian court entered a Judgment ordering the immediate seizure of the RV, giving custody of the RV to the Receiver or one of its representatives, and permitting any foreign courts, such as this Court, to assist the beneficiaries of its order and judgment.

9.	After entry of the Judgment, an employee of the Debtor verified that the RV was located in Greenville, South Carolina, specifically, at a storage facility operated by Public Storage, located on 290 Rocky Creek Road in Greenville, South Carolina.

10.	Under the circumstances, and based on the submissions presented to the Court, the Court finds that there is a substantial and imminent risk that the RV may be moved again without the permission or knowledge of the Receiver, and that an *ex parte* temporary restraining order is warranted should issue to preserve the status quo.

## CONCLUSIONS OF LAW

11.	This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as this case involves citizens of different states and citizens or subjects of a foreign state and involves a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

12.	This Court has personal jurisdiction over the defendants, including due to their business and physical activities in this district and division giving rise to this action.

13.	Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 and Local Civil Rule 3.01.

14.	Rule 65 of the Federal Rules of Civil Procedure permits the Court to issue a temporary restraining order "without written or oral notice to the adverse party or its attorney" where the Court is presented with specific facts in an affidavit or a verified complaint that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant

before the adverse party can be heard in opposition" and where the movant's attorney "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Used in this manner, temporary restraining orders preserve the status quo and prevent irreparable harm until both the parties can be heard on the merits.  *See*, *e.g.*, *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

This Court evaluates whether to grant interim injunctive relief by addressing whether a plaintiff has established that:

(1) it is likely to succeed on the merits;

(2) it is likely to suffer irreparable harm in the absence of preliminary relief;

(3) the balance of equities tips in its favor; and

(4) an injunction is in the public interest.

*See Nesbitt v. Warden Tyger River Corr. Inst.*, 2014 WL 66530, *2 (D.S.C. Jan. 8, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir.2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reissued in part by* 607 F.3d 355 (4th Cir. 2010).  As this Court has explained, a plaintiff must make a clear showing that he is likely to succeed on the merits of his claim and that he is likely to be irreparably harmed absent injunctive relief.  *See id.*  Upon this showing, a court should consider whether the balance of equities tips in the plaintiff's favor.  *See id.*  The court must also "pay particular regard to the public consequences of employing the extraordinary relief of injunction."  *Id.*

15.     Here, the Receiver has made a clear showing that it is likely to succeed on the merits of its claim before this Court.  The sole remedy the Receiver seeks here is return of

4

possession of the RV, including through the recognition and enforcement of the Canadian court's order.

16.     This Court finds and concludes that the Judgment of the Canadian court is entitled to recognition and enforcement in this district according to the long-standing principles of comity.  *See Hilton v. Guyot*, 159 U.S. 113, 202-03 (1895); *S. Carolina Nat. Bank v. Westpac Banking Corp.*, 678 F. Supp. 596, 597 (D.S.C. 1987) (relying on *Hilton v. Guyot* to enforce Australian judgment under the assumption that "South Carolina would adopt the principles of comity generally applied by courts in this country to determine the effect of foreign judgments"); *Canadian Imperial Bank of Commerce v. Saxony Carpet Co.*, 899 F. Supp. 1248, 1252 (S.D.N.Y. 1995) *aff'd*, 104 F.3d 352 (2d Cir. 1996) (enforcing Canadian judgment); *see also Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624, 630 (2d Cir. 1976).

17.     The Canadian court has already determined that "there is a real emergency to seize the [RV]," and, after considering the Receiver's submissions, ordered the seizure of the RV, gave custody of the RV to the Receiver, and permitted any foreign court, such as this Court, to assist in the RV's recovery.  *See* Canadian Judgment, at 1-2.

18.     There is no suggestion of any fraud or prejudice in enforcing the decision ordering the return of the RV to the Receiver.  Indeed, as noted above, any parties affected by the order would still have the ability to petition the Canadian court with any such concerns.

19.     Under these circumstances, this Court's task is straightforward, and it should not hesitate to recognize and enforce the Canadian judgment and grant the relief needed to prevent irreparable harm.[1]

---

[1] Even apart from the principles of comity set forth in the Supreme Court's decision in *Hilton* and the widely-accepted view that Canadian judgments are entitled to recognition and enforcement here, the Receiver is also likely to succeed on the merits of its claim for conversion,

5

20. The Receiver has also made a clear showing that it will suffer irreparable harm in the absence of preliminary relief. The RV is personal property that can easily be removed or hidden on short notice. Indeed, the RV has already disappeared twice when the Receiver previously made efforts to recover it.

21. Under these circumstances, the Court concludes that it is reasonable to assume that any further notice of the Receiver's efforts will result in the RV disappearing again.

22. Furthermore, the balance of equities tips heavily in favor of the Receiver. If a temporary restraining order is denied, the Receiver is likely to suffer irreparable harm from the disappearance of the RV again, which could, for all practical purposes, prevent the Receiver from ever recovering an asset the Canadian court has empowered it to recover.

23. At the same time, there will be little hardship or inequity to the defendants and any others who may be in possession of the RV if the temporary restraining order is granted, as it would merely recognize and give effect to the Canadian judgment and allow the Receiver to take possession of the RV as one of the Debtor's Assets. The Canadian court explicitly reserved the rights of any parties to make arguments concerning the RV or any of the other Assets. There can be no prejudice in requiring the parties to present those arguments to the Canadian court, which is administering the case over the Debtor and is the proper forum for deciding the merits of these issues. *See*, *e.g.*, *Badalament, Inc. v. Mel-O-Ripe Banana Brands, Ltd.*, 265 B.R. 732, 736-37 (E.D. Mich. 2001) ("There is no indication that the bankruptcy proceedings in Canada do not

---

claim and delivery, and replevin. The Receiver has presented more than sufficient evidence of its right to possession of the RV. *See*, *e.g.*, *Moore v. Sanders*, 103 S.E. 589, 590 (S.C. 1920) ("Claim and delivery is an action to determine the right to the possession of personal property."); *Regions Bank v. Schmauch*, 582 S.E.2d 432, 442 (S.C. Ct. App. 2003) ("Conversion is the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of the condition or the exclusion of the owner's rights.") (citation omitted).

6

comport with American notions of due process or that extending comity would be prejudicial to the interests of American creditors."). Indeed, Serge Côté has already submitted to a deposition ordered by that court.

24. Finally, the public interest favors recognizing and enforcing the judgments of Canada, just as it favors preventing others from frustrating a Receiver's efforts to perform its court-appointed duties. While this Court must "pay particular regard to the public consequences of employing the extraordinary relief of injunction," *Nesbitt*, 2014 WL 66530 at *2, the public consequences of not employing the limited relief here are equally significant because, without an injunction, the RV may never be returned to the Receiver as properly ordered by the Canadian court.

25. For the reasons above, the Court determines that prior notice of the entry of this order could result in irreparable harm to Plaintiff in that those in possession of the RV could once again remove it without the knowledge or permission of the Receiver.

Therefore, and upon having received adequate security from the Receiver as set forth in Rule 65(c) of the Federal Rules of Civil Procedure, and to preserve the *status quo* pending a further hearing, this Court GRANTS a temporary restraining order and ORDERS the following:

A. If the RV is still located at Public Storage's location at 290 Rocky Creek Road in Greenville, South Carolina, Serge Côté Family Trust, Public Storage, and/or anyone acting in concert or participation with them or with actual notice of this order shall not move the RV from that location until further order of the Court or until other arrangements have been made with the consent of the Receiver.

B. Anyone in possession of the RV, including Serge Côté Family Trust, Public Storage, and/or anyone acting in concert or participation with them or with actual notice of this

7


order, is restrained from moving the RV, including out of this judicial district, without prior notice to and permission of the Receiver.

    C.    Anyone previously in possession of the RV or with knowledge of its past or present whereabouts, including Serge Côté Family Trust, Public Storage, and/or anyone acting in concert or participation with them or with actual notice of this order, shall cooperate and provide all reasonably available information to assist the Receiver and its representatives in recovery of the RV.

This order shall remain in force for fourteen (14) days from the time and date issued below. The Court shall set a hearing to consider whether to convert this order into a preliminary injunction and to consider any other orders or relief that may be appropriate. Plaintiff is required to post bond in the amount of $1,000.00 with the Clerk of Court for the District of South Carolina.

    IT IS SO ORDERED

Issued at 5:00 o'clock PM,        s/Mary G. Lewis  
August 22, 2014                        U.S. District Judge