IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Raymond Chabot Inc., as Receiver for 9048-4270 Québec Inc., )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Serge Côté Family Trust, Public Storage, )<br>and Sachin Shah a/k/a Mr. Chin )<br>)<br>Defendants. ) | C.A. No.:  6:14-cv-03392-MGL<br><br>ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND CONVERTING TO A PRELIMINARY INJUNCTION |

This matter is before the Court on the Temporary Restraining Order entered in this action on August 22, 2014. As discussed below, for good cause shown and with adequate notice to all parties and the consent of Defendants Serge Côté Family Trust and Sachin Shah a/k/a Mr. Chin, the Court here by ORDERS that the Temporary Restraining Order, as modified below, shall be extended and converted into a Preliminary Injunction.

This action was commenced by Raymond Chabot, Inc. (the "Receiver"), which was appointed by a Canadian court to act as Receiver for a Canadian business named 9048-4270 Québec Inc. (the "Debtor"). The Canadian court empowered the Receiver to take possession of certain assets, including a 2014 Winnebago Itasca Ellipse RV, Model No. IRR42Q1D, Serial No. 8862 4UZFCUCYXECFU (the "RV").

The Receiver became aware that the RV might be in the possession, custody or control of an entity named the Serge Côté Family Trust and in storage at a Public Storage facility in Greenville, SC. The Receiver filed this action and sought a Temporary Restraining Order to recognize and enforce the Canadian court's orders concerning the RV.

On August 22, 2014, this Court entered a Temporary Restraining Order restricting the movement of the RV and requiring the parties to cooperate with the Receiver. This Court also set a hearing for September 2, 2014, concerning the Temporary Restraining Order.

After entry of the Temporary Restraining Order, the Receiver obtained further information identifying a Sachin Shah a/k/a Mr. Chin ("Shah") as a person who might be in possession, custody, or control of the RV. The Receiver filed an amended complaint naming Shah as an additional defendant.

At the scheduled time for the hearing on September 2, 2014, Defendant Shah and his attorney, Randy Skinner, and Defendant Serge Côté Family Trust, through its attorney, Brad Rustin, all appeared for the hearing. No one appeared on behalf of Public Storage, despite adequate efforts to notify it of these proceedings and the hearing. Those notice efforts are more completely set forth in the Receiver's Supplemental Materials in Support of the Motion for Temporary Restraining Order and Conversion into Preliminary Injunction (Docket Entry No. 19), and included service by process and communications with Public Storage.

The Court has been advised that the Receiver, Defendant Serge Côté Family Trust, and Defendant Shah have reached an agreement concerning the Temporary Restraining Order and the RV. According to the parties, Defendant Shah has possession, custody, and control of the RV at a storage facility in or near Mauldin, SC, and the RV is no longer being stored at Public Storage. Furthermore, Defendant Shah and Defendant Serge Côté Family Trust consent to an order keeping the RV in this district at a location designated by the Receiver until the Canadian courts have issued a final determination addressing the priority of any liens or claims to ownership of the RV, subject to any rights of appeal or challenge as provided under Canadian law. They further consent to be bound by the final decision of the Canadian courts concerning

the disposition of the RV, subject to any rights of appeal or challenge as provided under Canadian law.

Based on the foregoing, including the consent of Defendants Shah and Serge Côté Family Trust, the need to preserve the status quo and prevent the RV from being removed from the district pending a resolution by the Canadian court, the failure of Public Storage to appear despite notice, and the fact that the RV no longer appears to be stored at Public Storage, the Court finds that good cause exists to extend the Temporary Restraining Order, as modified, and convert it into a Preliminary Injunction as set forth below.

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the Court concludes that the security previously posted by the Receiver is adequate and shall remain in place during the pendency of this Order.

Therefore, pending further order of the Court, the Court adopts its prior findings of fact and conclusions of law from the Temporary Restraining Order to the extent not inconsistent herewith, and hereby ORDERS:

A.     Defendant Sachin Shah a/k/a Mr. Chin and Defendant Serge Côté Family Trust, and/or anyone acting in concert or participation with them or with actual notice of this order, shall transfer possession of the RV to the Receiver or its representatives for the Receiver to store at a location in this district, and shall also provide the Receiver or its representatives with any keys and certificates of title to the RV that are in their possession, custody, or control. Defendants Shah and Serge Côté Family Trust shall cooperate with the Receiver to ensure that the RV remains properly insured during this time, at the expense of the Receiver.

B.     Anyone in possession of the RV, including Shah and Serge Côté Family Trust, and/or anyone acting in concert or participation with them or with actual notice of this order, is

restrained from moving the RV, including out of this judicial district, without prior notice to and permission of the Receiver.

C. Defendants Shah and Serge Côté Family Trust, and/or anyone acting in concert or participation with them or with actual notice of this order, shall cooperate and provide to the Receiver or its representatives all reasonably available information concerning the RV's location.

D. This order is made without prejudice to the parties' positions concerning the disposition of the RV, which can be litigated in the Canadian courts, and any claim concerning a violation of the Temporary Restraining Order. However, Defendants Shah and Serge Côté Family Trust shall be bound by the final decision of the Canadian courts concerning the disposition of the RV, subject to any rights of appeal or challenge as provided under Canadian law.

E. The Court STAYS all deadlines in this action as to Defendants Shah and Serge Côté Family Trust, including the deadline for answering the complaint. However, the Receiver shall be permitted to request and obtain information concerning the RV from Defendants Shah and Serge Côté Family Trust and, by way of subpoena, from third parties in accordance with the Federal Rules of Civil Procedure.

F. Defendants Shah and Serge Côté Family Trust shall report to the court within 180 days of this Order on the status of the RV and this action. At any time prior thereto and on proper notice to the other parties, any party may petition the Court to modify this Order.

IT IS SO ORDERED

September 5, 2014

s/Mary G. Lewis
U.S. District Judge